# IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 12-CR-0199-006-CVE** |
| v. | ) | |
| | ) | **USM Number: 09686-062** |
| ORLANDO KEANE JORDAN, | ) | |
| a/k/a "Orlando Kiane Jordan," | ) | |
| "Rodeo," "Cowboy," | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Before the Court is defendant's second motion for reduction of sentence (Dkt. # 513). Defendant again moves for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782. Defendant also seeks a sentence reduction under Amendment 750 or any other relief available.

This pleading is duplicative of defendant's first motion for reduction of sentence (Dkt. # 488) which was denied (Dkt. # 511). Defendant is not eligible for reduction of sentence pursuant to § 3582(c)(2) under Amendment 782. Further, since defendant is convicted of the offense of conspiracy to possess with intent to distribute marijuana, defendant is not eligible for a § 3582(c)(2) sentence reduction under Amendments 706 or 750, as both amendments altered the drug quantity table in USSG §2D1.1 for offenses involving crack cocaine only. See United States Sentencing Commission Guidelines Manual, Appendix C, Vol. III, p. 229 (Amendment 706), p. 392 (Amendment 750).

As for any other means for sentence reduction that may be available to defendant, the Court is aware of no factual or statutory basis under which defendant is eligible for modification of sentence.  A district court's authority to reconsider sentencing may only stem from a statute or rule of criminal procedure that expressly grants the court jurisdiction to do so.  See United States v. Blackwell, 81 F.3d 945,947, 949 (10th Cir.1996) (holding a district court is authorized to modify a defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so, so a district court does not have inherent power to resentence defendants at any time); United States v. Smartt, 129 F.3d 539, 541 (10th Cir. 1997) (holding that unless the basis for resentencing falls within one of the specific categories authorized by statute, the district court lacks jurisdiction to consider defendant's request).  See also 18 U.S.C. § 3582(b).

**IT IS THEREFORE ORDERED** that defendant's second motion for reduction of sentence (Dkt. # 513) is **dismissed for lack of jurisdiction** (see Dkt. ## 488, 511).

**IT IS SO ORDERED** this 26th day of April, 2016.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE